Elaine PRETSKY, Plaintiff-Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation, Defendant-Respondent.

No. 51191.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Motion for Rehearing or to Remand for Further Proceedings Denied Dec. 13, 1965.

———◆———

Jerome Kalishman, Phillip J. Paster, Blumenfeld, Kalishman & Tureen, St. Louis, for plaintiff-appellant.

John Mohler, Michael Grove, and Jean C. Smith, St Louis, for defendant-respondent.

DONNELLY, Judge.

Plaintiff-appellant brought an action alleging damages suffered by reason of extreme anxiety, fright and emotional upset, resulting from the acts of an employee of defendant-respondent, who came to her home, falsely stated to plaintiff that there was trouble on her telephone line, and that it was necessary for him to enter upon plaintiff's premises in order to correct the trouble.

The trial court sustained defendant's Motion to Dismiss on the ground that said petition did not allege a cause of action upon which relief could be granted. Plaintiff has appealed from the final judgment of dismissal.

The averments of plaintiff's petition were as follows: "1. Defendant is a corporation duly organized and existing under and by virtue of law and said defendant maintains an office in the City of St. Louis, Missouri, for the transaction of its usual and customary business. 2. Defendant maintains and operates a telephone system over a substantial area of the United States, including the City and County of St. Louis, Missouri. 3. At all times herein mentioned, plaintiff had the sole and exclusive possession of certain real property situated in the County of St. Louis, Missouri, and known as 7825 Birchmont Drive, University City, Missouri. 4. On September 23, 1964, an employee of defendant, then and there acting within the course and scope of his employment, stated to plaintiff that there was trouble on her telephone line and that it was necessary for him to enter upon the aforesaid premises in order to correct the trouble and enable her telephone to function properly. 5. Relying upon the truth of the statement by defendant's employee aforesaid, and believing same to be true, plaintiff allowed and permitted said employee to enter upon the said premises. 6. The aforesaid statement by defendant's employee was false and untrue, was known by him to be false and untrue, and was made by him for the purpose of deceiving plaintiff into granting permission for his entry upon the said premises. 7. While defendant's employee aforesaid was on the said premises, and after he left, plaintiff became concerned about the truthfulness of his statements and about his purpose in entering upon said premises, and by reason thereof plaintiff suffered extreme anxiety, fright and emotional upset, all to her damage in the sum of Five Thousand ($5,000.00) Dollars. 8. By reason of the wilfulness and maliciousness of defendant's acts, by reason of defendant's complete disregard of plaintiff's emotional well-being, and as a deterrent to future similar action by defendant, defendant should be required to respond to plaintiff for punitive damages.

"WHEREFORE, plaintiff prays judgment against defendant for Five Thousand ($5,000.00) Dollars in actual damages, Fifty Thousand ($50,000.00) Dollars punitive damages, and costs."

In Trigg v. St. Louis, K. C. & N. Ry. Co., 74 Mo. 147, 153, this Court, in 1881, stated: "The general rule is that 'pain of mind, when connected with bodily injury, is the subject of damages; but it must be so connected in order to be included in the estimate, unless the injury is accompanied by circumstances of malice, insult or inhumanity.' "

Since the Trigg case, supra, in Missouri, as elsewhere, the attitude toward recovery for emotional distress has tended to become somewhat more liberal. 64 A.L.R.2d 100.

In Gambill v. White, Mo.Sup., 303 S.W. 2d 41, at 43, this Court stated: "[1] The rule is well established that, in the absence of evidence of an unlawful invasion of one's rights under circumstances of malice, wilfulness, wantonness, or inhumanity, there is no recovery for fright, terror, anxiety, mental distress, or nervousness, unless these are accompanied by some physical injury. Trigg v. St. Louis, K. C. & N. Ry. Co., 74 Mo. 147, 153; McCardle v. George B. Peck Dry Goods Co., 271 Mo. 111, 120, 195 S.W. 1034, 1036[2]; Weissman v. Wells, 306 Mo. 82, 99, 267 S.W. 400, 401, 406[4]; Porter v. St. Joseph Ry., L. H. & P. Co., 311 Mo. 66, 71, 277 S.W. 813, 914[1]; State ex rel. and to Use of Renz v. Dickens, Mo.App., 95 S.W.2d 847, 851, 852; Gibbons v. Wells, Mo.App., 293 S.W. 89, 91[1, 2]; Bedenk v. St. Louis Public Service Co., Mo., 285 S.W. 2d 609, 613[1, 2].

"[2] Inasmuch as plaintiff's only evidence on the subject was her testimony to the effect that she suffered no physical injury, and there was neither allegation nor evidence of circumstances of malice, insult, or inhumanity, she was not entitled to recover against either of the defendant doctors, and, inasmuch as her testimony as to injury, if any, must of necessity have been the same against the hospital as against the doctors, she was not entitled to recover against defendant St. Joesph's Hospital."

This Court, en Banc, in 1957, spoke on the subject in Brisboise v. Kansas City Public Serv. Co., Mo.Sup., 303 S.W.2d 619, and reviewed much of the prior case law in Missouri at pages 624 and 625. See also Ackerman v. Thompson, 356 Mo. 558, 202 S. W.2d 795, 799, and Smith v. Aldridge, Mo. App., 356 S.W.2d 532.

In Biederman's of Springfield, Inc. v. Wright, Mo.Sup., 322 S.W.2d 892 at page 898, this Court held a valid claim stated for invasion of privacy where unreasonable and oppressive methods were alleged to have been employed for the collection of a debt, and said: "It may be noted, however, without deciding, that the present-day tendency seems to be to permit recovery for severe emotional distress where it has been intentionally caused."

In Restatement of the Law of Torts, Second, 1965, Vol. 1, at pages 71, 72, 73, 81, 82, and 83, we find the following:

"§ 46. Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and if bodily harm to the other results from it, for such bodily harm.

*    *    *    *    *    *

"d. *Extreme and outrageous conduct.* The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been

found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam. See Magruder, Mental and Emotional Disturbance in the Law of Torts, 47 Harvard Law Review 1033, 1053 (1936). It is only where there is a special relation between the parties, as stated in § 48, that there may be recovery for insults not amounting to extreme outrage."

"§ 48. Special Liability of Public Utility for Insults by Servants

"A common carrier or other public utility is subject to liability to patrons utilizing its facilities for gross insults which reasonably offend them, inflicted by the utility's servants while otherwise acting within the scope of their employment.

\* \* \* \* \* \*

"c. *Gross insults.* Any public utility may of course be liable for the infliction of severe emotional distress by extreme and outrageous conduct, under the rule stated in § 46. The rule stated in this Section goes further and makes such a defendant liable for conduct which falls short of extreme outrage, but is merely insulting. At the same time the rule of this Section does not extend to mere trivialities. Even at the hands of public servants the public must be expected and required to be hardened to a certain amount of rudeness or minor insolence, which any reasonable man would consider offensive but harmless and unimportant. Even profanity may not be grossly insulting, where it obviously amounts to nothing more than mere emphasis or a habit of speech, or where it is so customary in the particular community that it may be said to be generally tolerated. An unduly sensitive plaintiff, even though he may be badly upset and suffer illness as a result, cannot found a cause of action upon mere hurt feelings at conduct which is essentially trivial. No passenger on a railroad can mulct the carrier in damages merely because he is told to 'Hurry up! We haven't got all night!'

"The obvious condition of the plaintiff must, however, be taken into account in determining whether the conduct is grossly insulting; and language addressed to a pregnant or a sick woman may be actionable where the same words would not be if they were addressed to a United States Marine. The defendant is never liable for doing more than he is privileged to do, even though his manner of doing it may be lacking in the politeness which would be desirable."

■ In the instant case, it is alleged that defendant's employee stated to plaintiff that it was necessary for him to enter her premises to correct trouble on plaintiff's telephone line; that this statement was false and untrue, and was known by the employee to be false and untrue; and that plaintiff became concerned about the truthfulness of his statements and about his purpose in entering the premises, and by reason thereof plaintiff suffered extreme anxiety, fright and emotional upset. Plaintiff alleges the acts of defendant's employee were willful

and malicious. However, these allegations are mere conclusions and were not admitted by the motion to dismiss. Brisboise v. Kansas City Public Service Co., Mo.Sup., 303 S.W.2d 619, 621; Therrien v. Mercantile-Commerce Bank & Trust Co., Banc, 360 Mo. 149, 227 S.W.2d 708, 711 [3–9]. Plaintiff does not allege physical impact or bodily injury.

Plaintiff contends that the petition states a claim for relief under any one of four theories: (1) as a cause of action for trespass, (2) as a cause of action for fraud, (3) as a cause of action for invasion of privacy, and (4) as a cause of action for intentional disturbance of plaintiff's mental and emotional tranquility.

In Zuber v. Clarkson Const. Co., 363 Mo. 352, 355, 251 S.W.2d 52, 54, we said: "In determining if a petition states a claim or cause of action, the averments of the petition are to be given a liberal construction, according the averments their reasonable and fair intendment—fair implication should be indulged from the facts stated. So considered, a petition should be held sufficient if its averments invoke substantive principles of law which entitle plaintiff to relief. A petition is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact. Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo.Sup., 246 S.W.2d 742; Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25; Stephens v. Kansas City Gas Co., 354 Mo. 835, 191 S.W.2d 601; Section 509.250, RSMo 1949, V.A.M.S."

Forcible trespass, in an appropriate set of circumstances, could constitute extreme and outrageous conduct. Here, however, plaintiff does not plead forcible trespass. The facts pleaded do not constitute what could be considered to be extreme and outrageous conduct. There is no allegation that the statements made by defendant's employee were grossly insulting.

 We are of the opinion that the instant petition does not contain averments which invoke substantive principles of law which entitle plaintiff to relief.

Judgment affirmed.

All concur.