Irene **KUEHNER**, Plaintiff-Appellant,

v.

**DENNY LOAN CORPORATION**, a corporation, Defendant-Respondent.

No. 35404.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 12, 1974.

Motion for Rehearing or for Transfer
Denied Dec. 6, 1974.

Application to Transfer Denied
Feb. 10, 1975.

Rober M. Hibbits, Florissant, for plaintiff-appellant.

Gerald R. Ortbals, Fordyce, Mayne, Hartman, Renard, Stribling & Boedeker, Harold A. Thomas, Jr., Randolph E. Schum, St. Louis, for defendant-respondent.

GUNN, Judge.

Plaintiff-appellant appeals from a jury verdict and judgment adverse to her action for actual and punitive damages arising out of defendant-respondent's efforts to collect payment of a loan made to plaintiff and her husband. On appeal, plaintiff raises a prolix maze of primary and secondary points—20 in number—which sift down to two basic points warranting discussion and which are dispositive of the appeal. The two points are: 1) that the trial court erred in failing to declare a mistrial after a question allegedly calculated to prejudice the jury against plaintiff was posed by defendant's counsel to plaintiff during cross-examination; 2) that the critical instruction on liability given by the court was not in accordance with the law and the evidence. We affirm the judgment.

On October 23, 1967 plaintiff and her husband signed a note in favor of defendant Denny Loan Company for a loan of $1,008. After plaintiff and her husband fell behind in payments, defendant made effort to collect. According to plaintiff, defendant abandoned its motto of "Where Friendship and Finance Meet" and became definitely unfriendly. Plaintiff's testimony was that defendant made innumerable telephone calls to her at home and at work— as many as 60—and was truculent and even mordant; that as a result of the fulsome telephone calls plaintiff lost her job and suffered great mental anguish. Defendant related that the calls were few in number and were only subtle and delicate urgings for remittance of money owed. Plaintiff's former employer also testified that plaintiff had not lost her job for reason of any actions by defendant but only because plaintiff's employment was seasonal, and the season had ended. No matter; we let the jury decide conflicts in testimony, Hollocher v. Taylor, 506 S.W.2d 105 (Mo.App.1974), which in this case were resolved in defendant's favor, and we forbear further discussion of the evidence.

Thus, we reach plaintiff's first point. On cross-examination, plaintiff was asked the following question by defendant's counsel:

"Q. Mrs. Kuehner, at the time this was going on, were you receiving any calls from your home, in connection with your involvement in a movement to halt integration in the Nativity School, so that black children wouldn't come into the Nativity Grade School?"

Objection by plaintiff's counsel was sustained by the court, and defendant's coun-

sel was cautioned against any further questioning on that particular subject. Plaintiff moved for a mistrial charging that she was prejudiced by the question. The motion for mistrial was denied, and we find no error in the court's ruling. Mistrial is an extreme action to be exercised in the trial court's discretion and only where a prejudicial error can be cured in no other manner. The trial court is the best judge of whether the error in this instance could be cured by steps short of mistrial. Furlow v. Laclede Cab Co., 502 S.W.2d 373 (Mo.App.1973). We find no abuse of discretion here, particularly since plaintiff complained of receiving numerous calls at home, and there was evidence to the effect that she had received calls relating to problems at her children's school. Cases cited by plaintiff concern derogatory comments made of the ethnic backgrounds of parties and are inapposite here.

■ Plaintiff also complains that the trial court erred in giving the following instruction:

"Your verdict must be for the defendant on Count II of plaintiff's Petition unless you find and believe from the evidence that the conduct of defendant, Denny Loan Corporation, was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community, and that the aforesaid conduct was undertaken intentionally and recklessly and with malice by the agents and servants of the Denny Loan Corporation."

The major thrust of plaintiff's claim of error is that under Pretsky v. Southwestern Bell Telephone Co., 396 S.W.2d 566 (Mo. 1965), in order for plaintiff to recover, the jury need only find that defendant's conduct was extreme and outrageous, not—as the instruction here called for—extreme and outrageous, plus the elements of being atrocious, utterly intolerable and undertaken intentionally, recklessly and with

malice. Consequently, plaintiff alleges that the instruction is a misstatement of the law. We disagree. In Pretsky v. Southwestern Bell Telephone Co., supra, Restatement (Second) of Torts, § 46 (1965), was quoted with approval as follows, 1. c. 568, 569:

"§46. Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and if bodily harm to the other results from it, for such bodily harm.

\*   \*   \*   \*   \*   \*

"d. *Extreme and outrageous conduct.* The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. *Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.* Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" (emphasis added)

Warrem v. Parrish, 436 S.W.2d 670 (Mo.1969), and Nelson v. Grice, 411 S.W.2d 117 (Mo.1967), also follow Pretsky and § 46 of the Restatement (Second) of Torts. The instruction submitted by the court is consonant with Pretsky, supra, Warrem v. Parrish, supra, and Nelson v.

Grice, supra, and is a proper statement of the law of this case.

The remaining points raised by plaintiff contain only legal conclusions, are vague and abstract, are unpersuasive and do not warrant discussion. See Cady v. Kansas City Southern Ry. Co., 512 S.W.2d 882 (Mo.App.1974); Butterbaugh v. Public Water Supply Dist. No. 12, 512 S.W.2d 445 (Mo.App.1974); Rule 84.04, V.A.M.R. Their review would have no precedential value.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.