**Sandra WATSON, Plaintiff-Appellant,**

v.

**FRANKLIN FINANCE and Denny Loan Company, Defendants-Respondents.**

No. 37290.

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 10, 1976.

Harold A. Tzinberg, Clayton, for plaintiff-appellant.

Joseph L. Leritz, St. Louis, for defendants-respondents.

DOWD, Judge.

This is an appeal from an order of the Circuit Court of St. Louis sustaining the defendants-respondents' motion to dismiss Count I of plaintiff-appellant's first amended petition. Plaintiff claims the court below erred and that Count I stated a claim upon which relief could be granted; specifically, the tort of intentional infliction of mental distress. We find that plaintiff's petition did state a cause of action and accordingly we reverse the judgment of the trial court and remand the cause for further proceedings.

On May 9, 1975 plaintiff filed a suit in two counts. Plaintiff voluntarily dismissed Count II on July 28, 1975 leaving only Count I for our consideration. Count I reads as follows:

"PLAINTIFF'S FIRST AMENDED
PETITION

COUNT I

"Now comes the Plaintiff and for Count I of her cause of action alleges:

"1. That Defendant Franklin Finance Company, hereinafter referred to as 'FFC', is the successor corporation surviving the merger of FFC and Denny Loan Company, hereinafter referred to as 'DLC', DLC having formerly been a wholly owned subsidiary of FFC, engaged in the business of making and collecting loans in the City of St. Louis, Missouri.

"2. That on the 3rd day of October, 1972, Plaintiff and her husband, Kenneth Hamilton, did secure with Defendant DLC a loan of the principal amount of

Five Hundred Dollars and One Cent ($500.01) with interest of One Hundred Eighty-Nine Dollars and Ninety-Nine Cents (189.99).

"3. That during the period from October 19, 1973, until January 23, 1975, the Defendant DLC herein repeatedly wrote, phoned, and visited the Plaintiff and falsely threatened to have the Plaintiff's home seized and sold, well knowing that they did not have a judgment on which execution or foreclosure could issue, not for the ostensible purpose of persuading the Plaintiff to make payment on any obligation, but for the purpose of harassing, intimidating, and embarrassing Plaintiff.

"4. That said letters, phone calls and visits did, in fact, cause the Plaintiff to be harassed, intimidated, and embarrassed.

"5. That by reason of the course of conduct by the Defendant DLC, which was willful, wanton and malicious, Plaintiff's mental and emotional well-being was adversely affected and said effects are permanent and progressive.

"6. That at all times mentioned herein, Plaintiff was suffering the ravages of a severe medical, physical condition, to-wit: epilepsy, a condition which rendered her particularly susceptible to the threats and harassment of the Defendant and Defendant DLC, knowing of Plaintiff's condition, persisted in its course of conduct as aforesaid, thereby aggravating Plaintiff's medical condition.

"7. That by reason of the false threats and the unreasonable and outrageous conduct of Defendant DLC, Plaintiff was made sick and unable to attend to her personal affairs and was also put to great expense and trouble to prepare to defend herself against the threatened prosecution.

"WHEREFORE, Plaintiff prays judgment for Twenty-Five Thousand Dollars ($25,000.00) compensatory damages and for Twenty-Five Thousand Dollars ($25,000.00) exemplary damages against the Defendants and for her costs."

On May 23, 1975, defendants filed separate motions to dismiss plaintiff's petition because it did not "contain facts which constitute a cause of action against this defendant upon which relief may be granted plaintiff." On June 10, 1975, the court sustained these motions to dismiss with reference to Count I alone.

■ In our review of a dismissal of a petition for failure to state a claim, we are required to construe the petition favorably and to give the pleader the benefit of every reasonable and fair intendment in view of the facts alleged, and if the pleader's allegations invoke principles of substantive law which may entitle it to relief, the petition is not to be dismissed. If the facts pleaded and the reasonable inferences to be drawn therefrom looked at most favorably from the plaintiff's standpoint show any ground upon which relief may be granted, the plaintiff has the right to proceed. If the allegations in the petition invoke substantive principles of law which if proved may entitle the pleader to relief, the petition is not to be dismissed. *Laclede Gas Company v. Hampton Speedway Company*, 520 S.W.2d 625, 629–30[4] (Mo.App.1975). Nor is a petition to be held insufficient merely because of a lack of definiteness or certainty. *Zuber v. Clarkson Const. Co.*, 363 Mo. 352, 355, 251 S.W.2d 52, 54 (1952).

■ In *Laclede,* Judge Simeone, writing for this court stated that the rule under modern pleading principles, is that a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court further explained, "We have come a long way since the technicalities embodied in the common law pleadings controlled the determination of the cause. The emphasis, today, is not on pleading but on the disposition of the cause on the merits." Supra, at 631.

■ Applying these principles, we have determined that plaintiff's petition complied with Rule 55.05 which requires that the petition shall set forth a "short and

plain statement of the facts showing that the pleader is entitled to relief . . . .""

Plaintiff alleged in the petition that defendant DLC "repeatedly wrote, phoned, and visited the plaintiff and falsely threatened to have Plaintiff's home seized and sold, well knowing that they did not have a judgment on which execution or foreclosure could issue, not for the ostensible purpose of persuading the Plaintiff to make payment on any obligation, but for the purpose of harassing, intimidating, and embarrassing Plaintiff." Under this pleading it must be readily acknowledged that there are myriad sets of facts which plaintiff could prove to entitle her to relief. For example, she might prove that defendant called her fifty times a day, or that defendant used violent and abusive language in every phone call; these types of conduct could be considered extreme and outrageous.

Defendant relies on *Pretsky v. Southwestern Bell Telephone Co.*, 396 S.W.2d 566 (Mo.1965), where the court sustained a motion to dismiss plaintiff's petition. In the *Pretsky* case the petition alleged that an employee of defendant phone company had falsely stated to plaintiff that there was trouble on her line in order to gain entry into her home, which caused her to suffer "extreme anxiety, fright and emotional upset." The court held, "the facts pleaded do not constitute what could be considered extreme and outrageous conduct," *supra* at 570, and dismissed the petition. *Pretsky* can be distinguished from the case at bar because in *Pretsky*, plaintiff narrowly confined her pleadings to the misrepresentation to gain entry. There can be virtually no set of facts which plaintiff could have proven to entitle her to relief for intentional infliction of emotional distress by virtue of the mere entry into her home, with no subsequent act. The fact of entry, even if under false pretenses, cannot be said to be "extreme and outrageous", as is required by Missouri Law in order to recover damages for intentional infliction of emotional distress.[1]

 We realize that the plaintiff must show that defendant's conduct was extreme, outrageous, atrocious, utterly intolerable, and beyond all possible bounds of decency, *Kuehner v. Denny Loan Corporation*, 518 S.W.2d 94, 96[3] (Mo.App.1974). However, we believe that those requirements go to the evidence adduced at trial and not to the sufficiency of the pleadings.

The trial court's order dismissing Count I of plaintiff's petition is reversed, and the cause is remanded for further proceedings.

CLEMENS, P. J., and STEWART, J., concur.

---

1. In *Pretsky v. Southwestern Bell Telephone Co.*, 396 S.W.2d 566 (Mo.1965), Missouri adopted the position of Restatement (Second) of Torts, § 46 (1965) that one is liable for intentionally or recklessly causing severe emotional distress if it is done "by extreme and outrageous conduct."