Olivia YOUNG, Appellant,

v.

Richard STENSRUDE and St. Louis University, Respondents.

No. 46281.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 17, 1984.

Doris Gregory Black, St. Louis, for appellant.

William Davis, Whaley & McAuliffe, St. Louis, for respondents.

CRANDALL, Judge.

Plaintiff appeals from the dismissal, with prejudice, of her petition which sought damages for the infliction of emotional harm. Count I alleged intentional acts and Count II alleged reckless or negligent acts. The trial court dismissed both counts for failure to state a claim upon which relief could be granted. We reverse and remand.

In reviewing the dismissal in this case, we give the pleadings their broadest intendment, accepting as true the facts as pleaded with all reasonable inferences arising therefrom. If, viewed in this light, the allegations invoke substantive principles of law, which if proved may entitle the plead-

er to relief, the petition is not to be dismissed. *Shapiro v. Columbia Union National Bank & Trust Co.,* 576 S.W.2d 310, 312 (Mo. banc 1978) *cert. denied,* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979); *Watson v. Franklin Finance,* 540 S.W.2d 186, 188 (Mo.App.1976).

Within this framework we now review the allegations in plaintiff's petition. On March 31, 1980, plaintiff attended a business meeting in the office of defendant Richard Stensrude at St. Louis University Medical Center. Plaintiff was then employed by Janna Medical Systems. Stensrude was the director of the Medical Center. During the course of that meeting Stensrude intentionally, recklessly, or negligently inflicted severe emotional distress upon plaintiff "by showing Plaintiff an X-rated pornographic movie, to-wit, 'Deep Throat,' after representing to Plaintiff that the movie to be shown was an educational film." While showing the movie, Stensrude was "uttering sexual obscenities" to plaintiff. All this was done in the presence of four other men. As a result, plaintiff suffered emotional shock and mental distress, incurred expenses for medical care, and sustained other damages.

■ Plaintiff asserts that this conduct gives rise to an action for intentional or negligent infliction of emotional harm.[1] Such actions are recognized in Missouri. *Bass v. Nooney Co.,* 646 S.W.2d 765 (Mo. banc 1983); *Pretsky v. Southwestern Bell Telephone Co.,* 396 S.W.2d 566 (Mo.1965). *Bass* eliminated the requirement that there be a contemporaneous, traumatic physical injury for a negligence action to lie. Now the rule is that "the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." 646 S.W.2d at 772–73. In addition, in an action for negligent infliction, it is necessary that "the defendant should have realized that his conduct involved an unreasonable risk of causing the distress." *Id.* at 772.

■ An action for intentional infliction requires (1) that defendant's conduct be extreme and outrageous; and (2) that defendant acts in an intentional or reckless manner. *LaBrier v. Anheuser Ford, Inc.,* 612 S.W.2d 790, 793 (Mo.App.1981). The "medically diagnosable" and "medically significant" test of *Bass* would now be applicable to an intentional infliction action.

■ Applying these elements to the allegations in plaintiff's petition, we hold that she states a cause of action. Conceptually it is important to note that this is not a motion for summary judgment, Rule 74.04, but rather is a dismissal based solely on the pleadings. There were no depositions, exhibits, affidavits, etc., before the trial judge upon which he based his ruling. The dispositive question, therefore, is whether the pleaded acts of showing a pornographic movie to an unsuspecting female in a room with five men while making obscene remarks to her could ever rise to extreme or outrageous conduct or create an unreasonable risk of inflicting the requisite harm. *See* W. Prosser, *Handbook of the Law of Torts* § 12 at 56 (1971). To answer the question in the negative is to subject this plaintiff, as a matter of law, to unwilling exposure to acts which may be totally intolerable in today's civilized society. Whether the acts complained of are "extreme or outrageous" or create an "unreasonable" risk is a question of proof. The burden that is imposed on plaintiff in proving her case goes to evidentiary requirements not to the sufficiency of the pleadings. *Watson v. Franklin Finance,* 540 S.W.2d at 189. While we express no opinion on the merits of plaintiff's claim, we cannot say, without any evidence, that these acts could not, as a matter of law, constitute an actionable wrong.

1. Respondents contend that plaintiff has abandoned her negligence count by failing to include it in her brief, and that review is limited to Count I, the intentional tort count. Appellant obtained leave from this court to file, and did file, a supplemental brief. This brief cured any defect of the original brief in presenting both counts for our review. *See Gee v. Gee,* 605 S.W.2d 815, 818 (Mo.App.1980). Thus, we address both counts of the petition.

Defendant St. Louis University also asserts that the dismissal should be affirmed as to it because it cannot be held vicariously liable for Stensrude's acts. We disagree.

The general rule is that a master is liable for the torts of its servants committed within the scope of employment. *Wagstaff v. City of Maplewood,* 615 S.W.2d 608, 610 (Mo.App.1981). The University asserts that these acts were beyond the scope of Stensrude's employment as a matter of law. The petition alleges that they occurred during a business meeting and were in furtherance of the University's and Medical Center's purposes. While plaintiff would, of course, have to prove that Stensrude's conduct was within the scope and course of his employment to recover from his employer, *see Henderson v. Laclede Radio, Inc.,* 506 S.W.2d 434 (Mo.1974) and *Wellman v. Pacer Oil Co.,* 504 S.W.2d 55 (Mo. banc 1973), the allegations are sufficient to allow the parties to present evidence on the point. While we recognize that the nature of the conduct is relevant in determining whether it is within or outside the scope of employment, it would be improper to dismiss without any evidence on either the conduct or the scope of employment.

As a final point, we note that respondents press various other grounds for affirming the trial court. Most of these relate only to the specificity of certain allegations in the petition. We do not address them because, even if meritorious, they would not support the dismissal, with prejudice, of the original complaint. A trial court is to freely grant leave to amend when it dismisses a claim on the pleadings. Rule 67.06. This is especially true where the dismissal is of the unamended complaint. *Koller v. Ranger Insurance Co.,* 569 S.W.2d 372 (Mo.App.1978). Therefore, had the trial court based its ruling on any of these grounds, we would deem it error to dismiss the petition with prejudice.

The judgment of the trial court is therefore reversed and the cause is remanded for further proceedings.

KAROHL, P.J., and REINHARD, J., concur.