613 F.Supp. 219 (1985)
Duane T. EVANS, Plaintiff,
v.
SIX FLAGS, Defendant.
No. 85-0823C(4).
United States District Court, E.D. Missouri, E.D.
July 10, 1985.
*220 C. Clifford Schwartz, Clayton, Mo., for plaintiff.
G. Keith Phoenix, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
CAHILL, District Judge.
This matter is before the Court on motion of defendant to dismiss plaintiff's complaint. Plaintiff brings this action in two counts. In Count I, plaintiff purports to state a claim for the intentional infliction of emotional distress by reason of defendant's suspension and subsequent termination of plaintiff. In Count II, plaintiff purports to state a claim of tortious interference with contract. For the reasons which follow, defendant's motion will be granted.
In order for a plaintiff to recover on the theory of intentional infliction of emotional distress he must show that the defendant's conduct was extreme or outrageous. As explained in Restatement (Second) of Torts, Sec. 46:
"It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by `malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'"
Mere insults, indignities, inconsiderations or petty oppressions do not rise to the level of the outrageous conduct essential to plaintiff's right of recovery. Smith v. Standard Oil, Division of Amoco Oil Co., 567 S.W.2d 412 (Mo.App.1978); Pretsky v. Southwestern Bell Telephone Co., 396 S.W. 566 (Mo.1965); Witt v. Kansas City Area Transportation Authority, 629 S.W.2d 669 (Mo.App.1982).
The alleged outrageous conduct which "upset" plaintiff consists of his suspension from employment (pending the outcome of statutory rape charges); defendant's refusal to reinstate plaintiff (who by now was characterized as an employee at will) following resolution of the criminal charges; and the subsequent termination of plaintiff.[1] Such conduct does not rise to the level required in order to come within the doctrine.
Plaintiff's claim for tortious interference with contract also fails. The Missouri courts have recognized that "one who maliciously or without justifiable cause induces a person to breach his contract with another may be held responsible to the latter for the damages resulting from such breach." Downey v. United Weather-proofing, Inc., 363 Mo. 852, 253 S.W.2d 976, 980 (1953). The essential elements for tortious interference of contract as stated in Tri-Continental Leasing Co. v. Niedhardt, 540 S.W.2d 210, 212 (Mo.App.1976), *221 are as follows: "(1) that a contract was in existence; (2) that the defendant had knowledge of the contract; (3) that the defendant induced or caused the breach of the contract; (4) that the defendant's acts were not justified; and (5) that the plaintiff thereby suffered damages." The nature of this cause of action is such that three parties are required, i.e., two parties who have entered into a valid binding contract and a third party who induces one of the parties to breach. Plaintiff's action fails because there is no third party who was induced by defendant to breach a contract with plaintiff. Consequently, plaintiff's cause of action for tortious interference with contract must fall. Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED and plaintiff's complaint is hereby DISMISSED.
NOTES
[1] Though plaintiff contends in his memorandum in opposition to defendant's motion to dismiss that he was never terminated in his employ with defendant, and is uncertain as to his present status with defendant, plaintiff in ¶ 14 of his complaint avers that his employment was involuntarily terminated by defendant in July 1983. For purposes of this opinion, the allegations in the complaint control.