**William H. VIEHWEG, Appellant,**

v.

**VIC TANNY INTERNATIONAL OF MISSOURI, INC., Respondent.**

**No. 52433.**

Missouri Court of Appeals, Eastern District, Division One.

June 2, 1987.

Motion for Rehearing and/or Transfer Denied July 2, 1987.

William H. Viehweg, Maryland Heights, for appellant.

Brinker, Doyen & Kovacs, P.C., Bernard C. Brinker, Scott C. Harper, Clayton, for respondent.

CRIST, Judge.

Plaintiff appeals from the trial court's dismissal of his petition. The petition, alleging intentional infliction of emotional distress, was dismissed for failure to state a cause of action. We affirm.

In reviewing a dismissal, we give the pleadings their broadest intendment. *Young v. Stensrude,* 664 S.W.2d 263, 264[1] (Mo.App.1984). In his petition plaintiff alleged:

Plaintiff had a history of back problems which he related to defendant when he purchased his membership at defendant's facility in July 1984. On April 8, 1985, plaintiff experienced a sharp debilitating pain in his lower middle back, which ceased after he lay calm and relaxed for approximately two hours.

On April 9, 1985, around 9:30 a.m., plaintiff again experienced back pain. This episode of pain occurred while plaintiff was taking a shower in the men's locker room at defendant's facility. Plaintiff moved himself to a bench in the locker room and placed himself in a supine position. At plaintiff's request, one of defendant's employees placed a towel over plaintiff's lower body. At this time plaintiff told employee about the back problem he had had the day before. Plaintiff subsequently moved himself from the bench to the floor of the men's locker room. At around 10:15 a.m., plaintiff requested one of defendant's employees to contact plaintiff's girl friend so she could bring plaintiff's muscle relaxant medication to the facility. Defendant's employee complied with plaintiff's request.

At around noon, plaintiff's girl friend brought the medication to defendant's facility and it was delivered, by an employee of defendant, to plaintiff. Plaintiff alleged his girl friend was denied access into the men's shower room, although she was advised plaintiff was all right.

Plaintiff was advised by one of defendant's employees he would have to move from his position on the floor. The same employee called for an ambulance at around 12:30 p.m. The paramedics arrived at around 12:40, and after examining plaintiff and determining how to remove him from the facility, took plaintiff to the hospital.

Plaintiff alleges he was caused severe emotional distress by the manner in which he was treated at defendant's facility on April 9, 1985. Missouri courts first recognized the tort of intentional infliction of emotional distress in *Pretsky v. Southwestern Bell Telephone Co.,* 396 S.W.2d 566 (Mo.1965). In that case, the court cited with approval Restatement (Second) of Torts § 46 (1965) which provided that "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

■ It is difficult to define acts which constitute "extreme and outrageous" conduct; however, it is clear that defendant's conduct must be more than simply malicious or intentional. *Pretsky,* 396 S.W.2d at 568; Restatement (Second) of Torts § 46 comment d (1965). Defendant's conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Pretsky,* 396 S.W.2d at 569; Restatement (Second) of Torts § 46 comment d (1965). Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." *Id.;* and *Rooney v. National Super Markets, Inc.,* 668 S.W.2d 649, 651 (Mo.App.1984).

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Wilt v. Kansas City Area Trans. Auth.,* 629 S.W.2d 669, 671 (Mo.App.1982); Restatement (Second) of Torts § 46 comment h (1965). In short, the court is to determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim "outrageous!" *Wilt,* 629 S.W.2d at 671; Restatement (Second) of Torts § 46 comment d (1965).

■ Plaintiff, in effect, alleged (1) defendant allowed him to lay on the bench unclothed and unattended for two or three hours; (2) defendant refused to allow plaintiff's girl friend to come see him in the men's shower room; (3) defendant told plaintiff he would have to get up off the

floor; (4) defendant allowed plaintiff to become the butt of cruel jokes and comments; and (5) defendant failed to advise the paramedics of the most expeditious exit from the facility. In making his allegations, plaintiff admitted defendant's employees complied with all his requests. Employees of defendant covered plaintiff, called plaintiff's girl friend, brought plaintiff his medication, and called for medical help. While plaintiff complains of not being moved from the locker room floor, in his memorandum in objection to defendant's motion to dismiss plaintiff states his condition was one that required he be kept immobile.

While defendant's conduct may not be a model of courtesy, plaintiff has failed to allege conduct so outrageous as to be utterly intolerable in a civilized community.

In his brief, plaintiff also asserted the court abused its discretion in denying his motion for sanctions when defendant failed to timely respond to interrogatories. The trial court has broad discretion in awarding sanctions. *Sandin v. Sandin,* 688 S.W.2d 50, 53[5] (Mo.App.1985). Plaintiff's first motion to compel answers to interrogatories was, by consent of the parties, sustained; and defendant was given fifteen days to answer the interrogatories. Plaintiff's second motion to compel was withdrawn, again by consent of the parties, because the answers had been filed. While we do not condone defendant's actions, we cannot say the trial court abused its discretion in denying sanctions.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.