Cheryl D. POLK, Appellant,

v.

INROADS/ST. LOUIS, INC., Respondent.

No. 71183.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 22, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied
Oct. 21, 1997.

James M. Dowd, St. Louis, for appellant.

David F. Yates, Patricia L. Cohen, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiff, Cheryl Polk, brought an action against defendant, INROADS/St. Louis, Inc. (hereinafter INROADS), seeking damages for the intentional infliction of emotional distress. Plaintiff appeals from the trial court's dismissal of her action for failure to state a claim upon which relief can be granted. We reverse and remand.

A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the plaintiff's petition. Our review of a motion to dismiss for failure to state a claim requires that we consider the pleadings, allowing them their broadest intendment and accepting as true the facts as pleaded with all reasonable inferences arising therefrom. *Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292, 295 (Mo.App. E.D.1997). If, viewed in this light, the allegations invoke substantive principles of law, which if proved may entitle the pleader to relief, the petition is not to be dismissed. *Young v. Stensrude*, 664 S.W.2d 263, 264–265 (Mo.App.1984).

The facts, as derived from the plaintiff's first amended petition, are that plaintiff was employed by INROADS from January 1991 to February 1996 in various managerial positions. Plaintiff's direct supervisor was Flint Fowler. Around December 1995, plaintiff discovered and reported to INROADS' agent, Otis Jackson, who had ultimate authority over the St. Louis operation, that Fowler was falsifying reports to the Board of Directors. The reports submitted by Fowler made INROADS' St. Louis operation appear more successful than it actually was. INROADS conducted an investigation, which ended in the resignation of Fowler.

Plaintiff further alleged that in retaliation for her having reported Fowler's misrepresentations, INROADS, by and through Jackson, engaged in "a pattern of extreme and outrageous conduct directed against [her]" with the intent to cause her severe emotional distress. Although INROADS purported to carry out a company-wide audit of the staff's compliance with vacation and leave rules, INROADS targeted plaintiff by confiscating files from her office and by altering company documents relating to her vacation time to make it appear that she had taken more vacation than permitted and more than she actually had. INROADS had plaintiff followed at work, even on trips to the bathroom. INROADS made at least six prank phone calls to plaintiff's home within a four hour period while she was on sick leave. INROADS misrepresented to plaintiff's co-workers that she was the cause of the lack of success of the St. Louis operation. INROADS demoted plaintiff and stripped her of her duties and responsibilities. INROADS created unreasonable and unattainable work product requirements for plaintiff which it did not do for other employees. As a direct result of INROADS' extreme and outrageous conduct, she suffered severe emotional distress which was medically diagnosable and significant and for which she received medical treatment and took prescription medications; she suffered from a 21–pound weight loss, nausea, vomiting, chest pains, headaches, and insomnia; and she incurred medical expenses. INROADS also damaged her future employment opportunities.

Plaintiff's sole point on appeal is that the trial court erred in dismissing her action for failure to state a claim because the allegations in her petition stated a cause of action against INROADS for the intentional infliction of emotional distress. We consider the allegations as a whole in determining whether plaintiff stated an action for the intentional infliction of emotional distress against INROADS.

■ The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *Hyatt,* 943 S.W.2d at 297. Although case law does not provide us with a precise definition of "extreme and outrageous," the test adopted by Missouri courts for actionable conduct is that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts section 46 cmt. d (1965). The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions. *Viehweg v. Vic Tanny Intern. of Missouri, Inc.,* 732 S.W.2d 212, 213 (Mo.App.1987). "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery...." Restatement (Second) of Torts section 46 cmt. h (1965). The court must determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim "outrageous!" *Viehweg,* 732 S.W.2d at 213.

■ Applying the elements for intentional infliction of emotional distress to the allegations in plaintiff's petition, we find that she stated a cause of action against INROADS. INROADS' behavior, as described in plaintiff's petition, was not just mean-spirited or boorish; rather its conduct reflected a calculated plan to cause plaintiff emotional harm. The alleged motive behind INROADS' conduct was retaliation for plaintiff's exposing misrepresentations by her immediate supervisor which falsely enhanced the performance of INROADS' St. Louis operation. All of the acts attributed to INROADS, taken together, were so outrageous as to be utterly intolerable in a civilized community. Plaintiff's petition stated a cause of action against INROADS for the intentional infliction of emotional distress.[1]

INROADS argues that plaintiff's action is an attempt to circumvent the employee-at-

---

1. Some Missouri courts have extrapolated the standard for the negligent infliction of emotional distress to intentional infliction of emotional dis-

tress cases and required under *Bass v. Nooney Co.,* 646 S.W.2d 765, 772–773 (Mo. banc 1983) that the emotional distress be medically diagnos-

will doctrine because her action for emotional distress was a guise for a claim for wrongful termination. We note the present action involved a dismissal based solely on the pleadings. There was no evidence upon which the court based its ruling. In a motion to dismiss, it is not within our purview or the trial court's to determine plaintiff's motives or credibility. We only decide whether plaintiff stated a cause of action for the intentional infliction of emotional distress. In addition, although we acknowledge that INROADS may have had a right to terminate plaintiff, it did not have a right to ruin her emotionally, physically, and professionally, as she alleged in her petition. Based solely upon the allegations in her petition, the trial court could not have determined whether plaintiff's cause of action was merely a subterfuge for an action for wrongful termination.

The trial court erred in dismissing plaintiff's cause of action for failure to state a claim upon which can be granted. The judgment of the trial court dismissing plaintiff's action is reversed and the cause is remanded.

AHRENS, P.J., dissents in separate dissenting opinion.

CHARLES B. BLACKMAR, Senior Judge, concurs.

AHRENS, Presiding Judge, dissenting.

I respectfully dissent. I believe the trial court correctly found that plaintiff's petition did not state a cause of action for intentional infliction of emotional distress.

In *Pretsky v. Southwestern Bell Tel. Co.*, 396 S.W.2d 566 (Mo.1965), our Supreme Court adopted Section 46 of the Restatement of Torts. Under the restatement it is not enough that:

> the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in charac-

ter, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Pretsky*, 396 S.W.2d at 568–69; RESTATEMENT (SECOND) OF TORTS Sec. 46 cmt. d.

In my opinion, plaintiff's petition does not meet this standard. While I do not condone the type of behavior alleged in plaintiff's petition, I do not find the behavior so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

I would affirm the judgment of the trial court.

---

able and medically significant. *Hyatt*, 943 S.W.2d at 297; *see also Young*, 664 S.W.2d at 265. If the *Bass* test is applicable to intentional infliction of emotional distress cases, plaintiff satisfied that test by pleading in her petition that the emotional distress she suffered was medically diagnosable and significant and required her to seek medical treatment.