**Lesa Anne DAVIS, Appellant,**

v.

**Vincent Lee SHELTON, Respondent.**

**No. WD 36912.**

Missouri Court of Appeals,
Western District.

March 25, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1986.

Application to Transfer Denied
June 17, 1986.

Connie J. Clark, Osage Beach, for appellant.

James Endicott, Law Office of Michael L. McDorman, Versailles, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

The trial court granted summary judgment for the defendant. The underlying issue presented on appeal is whether Missouri recognizes recovery of damages in tort for emotional distress suffered by a bystander to an accident.

Since summary judgment was entered against the plaintiff under Rule 74.04, the record is viewed in a light most favorable to her. *Snowden v. Northwest Missouri State University,* 624 S.W.2d 161, 166 (Mo. App.1981). Lesa Anne Davis, the plaintiff, brought an action for damages for stress and mental anguish against the defendant, Vincent Lee Shelton, who ran his automobile off Highway 54 near Bagnell Dam and hit her aunt. On September 3, 1983, Lesa Anne and her aunt were walking on the shoulder of Highway 54 some ten feet from the road. Shelton's vehicle struck the aunt and carried her about 20 feet on the hood before it dropped her onto the pavement. The aunt was severely injured. The defendant left the scene. Lesa Anne, who was 15 years old, had to stay and answer questions for the investigating officers. She claims her emotional distress resulted from seeing the accident and not being able to accompany her aunt to the hospital. She thought her aunt was dying or dead at the scene.

The petition, filed May 17, 1984, prayed for $10,000 in actual damages because Lesa Anne had "lost sleep and was having bad nightmares from the emotional anguish" resulting from the September 3, 1983 accident. She claimed $25,000 as punitive damages. In support of Shelton's motion for summary judgment was Lesa Anne's response to his request for production of documents. The response, dated July 20, 1984, stated "there are no documents in her possession from any doctors, psychiatrists or any other practitioner discussing Plaintiff's injuries, treatment, condition or prognosis which resulted from the incident stated in plaintiff's petition."

Also, supporting Shelton's motion for summary judgment were Lesa Anne's answers to interrogatories, dated July 19, 1984, and set forth as follows:

INTERROGATORY NO. 3

With respect to the injuries allegedly suffered, please state:

(a) The extent, nature and location of any pain or disability suffered and the duration and intensity of any pain:

No physical pain, just emotional stress in seeing my aunt who is as close to me as a sister, being struck, and I thought, Killed [sic].

(b) Whether or not you suffered any restraint of your normal activities due to the injuries allegedly suffered, and describe in detail the nature of such restraint and the dates you suffered pain.

Loss of sleep for a few nights after the accident, and nightmares.

### INTERROGATORY NO. 4

If you received any treatment with respect to the injuries allegedly suffered, state:

(a) The name and address of each hospital at which you were treated or admitted;

None.

(b) The dates on which treatment was rendered, including the dates of entry and discharge into and from said hospital or hospitals.

None.

### INTERROGATORY NO. 5

In reference to the previous question 4, please state:

(a) Itemize the charges rendered to each of the hospitals listed in your answer to question 5(a) above;

None.

(b) State the name of each doctor or medical practitioner of any type whatsoever who has examined or treated you or conferred with you with respect to the injuries alleged and itemize the costs and expenses of such examinations or treatments by said doctors.

None.

### INTERROGATORY NO. 6

Since the date of the incident referred to in your Petition, have you been treated, examined by, conferred with, or consulted with any other doctor, psychologist or medical practitioner or any type whatsoever whose name you have not heretofore supplied, and if so, state:

(a) The name and address of each doctor, psychologist or medical practitioner of any type whatsoever who has examined, treated, conferred with, or consulted with you, and the dates of same;

None.

### INTERROGATORY NO. 7

If you have incurred any medical bills in connection with the alleged injuries not heretofore listed, please state:

(a) The total amount of each said bill and the person to whom such amount was paid;

None.

(a) The service or item for which the bill was rendered.

None.

### INTERROGATORY NO. 8

If you are still receiving medical services or treatment of any nature whatsoever, state:

(a) The name or names of the person or persons attending you;

None.

### INTERROGATORY NO. 9

State the dates during which you were confined following your discharge from the hospital:

(a) To your bed; and

None.

(b) To your home.

None.

### INTERROGATORY NO. 10

Please list all medicine purchased or used by you in connection with the treatment of the injuries complained of, the cost thereof, and the store from which purchased.

ANSWER:

None.

## INTERROGATORY NO. 11

Please state what present complaints you have concerning your injuries, physical and psychological, if any.

ANSWER:

.... I didn't sleep good for several nights. I relive the events of the night all the time, and think about when I see people walking or cars going off the edge of the highway.

## INTERROGATORY NO. 14

Prior to the incident mentioned in your Petition, have you ever had occasion to seek the services of a psychologist in treatment of any nervous, neurotic, or traumatic mental disorder? If so, state:

(a) The specific condition for which you sought psychological treatment:

None.

(b) The psychologist or other medical practitioner that you visited and the specific dates of treatment.

None.

According to her affidavit on the summary judgment motion, Lesa Anne's symptoms have been "muscle twitching, weakness, disturbed sleep, stomach ache and unwarranted fears of walking and being hit by a motor vehicle." The affidavit states she saw a Dr. Clemons Haggerty on January 25, 1985, "to relieve the problems." Included in the legal file is a letter from Clemens E. Haggerty, D.O., dated February 6, 1985. It is not in affidavit form and as such under Rule 74.04(e) is not to be used to oppose the summary judgment motion. The letter did not state when or if Dr. Haggerty had seen Lesa Anne. The language is such that Lesa Anne "could suffer" from anxiety, insomnia, etc.

The trial judge entered summary judgment for the defendant under Rule 74.04(c), stating there was no genuine issue as to any material fact and, as a matter of law, Shelton was entitled to judgment. The court concluded Missouri law does not afford Lesa Anne a right to recover in this action.

The parties and the trial court acknowledge there are no Missouri cases allowing recovery for emotional distress to a bystander. *Bass v. Nooney*, 646 S.W.2d 765 (Mo. banc 1983), comes the closest to providing an answer. Lesa Anne relies on *Bass* as authority for approval of such a cause of action in Missouri. In *Bass*, the plaintiff was riding an elevator that stopped while in motion, trapping her inside for a period of time. She experienced severe distress riding in the elevator the next day, sought medical attention, and brought an action for mental distress. A divided Supreme Court held such a claim would be actionable absent the requirement of the "impact rule." Thus, *Bass* recognized that a claim for emotional distress was actionable even though the plaintiff suffered no contemporaneous traumatic physical injury. *See id.* at 768.

The majority opinion in *Bass* established a two pronged test for the negligent infliction of emotional distress: "(1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Id.* at 772–73. In an extensive footnote, the opinion cites several law review comments which define the extent of mental injury necessary to prove mental distress or harm. Mere aggravation seems to be ruled out—the shock caused must require at least minimum medical attention. *See id.* at 773 n. 4.

As to whether a bystander may recover for negligent infliction of emotional distress, the only pertinent language in *Bass* is contained in a footnote: "This opinion will not digress to discuss the extensive debate and differing rules developed in the "bystander" cases, where a plaintiff suffers mental or emotional distress upon observing death or injury to a third party caused by a defendant's negligence." *Id.* at 770 n. 3.

Relying on *Bass*, Lesa Anne asks this court to declare she has a cause of action

under these facts. Her reliance on *Bass* requires her to meet the threshold test to the extent required by *Bass*. *See id.* at 772–73. Even if this court held there could be a cause of action for emotional distress to a bystander, Lesa Anne by her sworn answers could show no damages cognizable under the *Bass* decision. The language in the footnote emphasizes the plaintiff must show the emotional harm or distress was "serious enough to require medical attention" but did not include "mere upset, dismay, humiliation, grief, and anger." *Id.* at 773 n. 4 (quoting Comment, *Negligence and the Infliction of Emotional Harm: A Reappraisal of the Nervous Shock Cases*, 35 U.Chi.L.Rev. 512, 517 (1968)). Lesa Anne made no attempt to see a doctor until some 13 days before the summary judgment hearing. Her sworn answers show she received no treatment at all from September 3, 1983, to July 19, 1984. Moreover, by failing to produce any affidavits attesting to any distress or injury from July of 1984 through February 7, 1985, Lesa Anne did not satisfy the second prong of the *Bass* test, which requires that the "emotional distress or mental injury be of sufficient severity so as to be medically significant." *Id.* at 772–73.

Lesa Anne alternately alleges she was not a "bystander" on the theory her "injuries were directly caused by the negligent acts of respondent." She argues that if she is not a bystander, she meets the two prong test of *Bass* to recover for emotional distress: (1) Shelton should have realized that his conduct created an unreasonable risk of causing the distress, and (2) the mental injury was medically diagnosable and of sufficient severity to be periodically significant. 646 S.W.2d at 772–73. This point is categorically denied.

Given the facts viewed in a light most favorable to the appellant, Lesa Anne cannot recover. Her damages were not sufficiently severe as to be legally cognizable. The judgment of the trial court is affirmed.

All concur.