STATE of Missouri, Plaintiff,

v.

Robert CRADDOCK, Defendant.

Fredrich J. CRUSE, Appellant,

v.

COUNTY OF PIKE and Jim Ford, Respondents.

No. 55704.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 21, 1989.

Vickie A. Dempsey, Hannibal, for appellant.

Louis J. Leonatti, Mexico, for respondents.

KAROHL, Presiding Judge.

On February 2, 1983 the State of Missouri charged Robert Craddock with stealing and receiving stolen property. Craddock posted a $1500 cash bond. "Appellant" Fredrich J. Cruse entered his appearance as attorney for Craddock. Neither defendant Craddock, nor Cruse appeared on April 8, 1983 for an arraignment hearing. The court ordered the bond forfeited. The forfeiture was never reduced to judgment as authorized by Criminal Rule 33.14. Craddock was recaptured in July, 1987. On August 7, 1987 the bond forfeiture was set aside and the court released the bond to appellant Fredrich J. Cruse.

On October 28, 1987 Craddock entered pleas of guilty on two of five counts. The remaining counts were dismissed. The court imposed concurrent five year sentences and granted five years probation on both counts. The judgment also provided that Craddock "pay all court costs, the $36.00 judgment and $13,000 restitution, payable at the rate of $400 per month, the first payment being due herein on December 1, 1987 and on the first day of each month thereafter until all is paid in full, ... Bond is released." (Our emphasis).

Neither the State of Missouri nor Robert Craddock are parties to this appeal. Fredrich J. Cruse has filed the appeal from a "judgment" entered in the criminal case on October 21, 1988 in favor of "respondent," Jim Ford, County Clerk of Pike County. Cruse claims an interest in the original appearance bond based on an assignment from Craddock and the payout order of August 7, 1987, an order that has never been set aside.

In September, 1988, respondent Jim Ford, County Clerk, was allowed to "intervene" in the criminal case for the purpose of recovering costs incurred in providing for the capture, transportation, incarceration and medical treatment of Robert Craddock. Judgment of October 21, 1988, from which Cruse attempts appeal, purports to grant Jim Ford, County Clerk, a "judgment" for $2,422.05 as out-of-pocket expenses related to rearrest and care of defendant Craddock. It ordered the Circuit Clerk of Pike County to pay the original $1500 cash bond to Ford. It also purports to deny Cruse's claim to the $1500 bond.

For a number of jurisdictional reasons we are obligated to dismiss the appeal. We have an affirmative duty to determine sua sponte whether we have jurisdiction. *Wentzville Public School District v. Paulson,* 699 S.W.2d 132, 133 (Mo.App.1985). The trial court had no personal or subject matter jurisdiction to enter a judgment in the case of *State of Missouri v. Robert Craddock,* when entered on October 21, 1988.

First, a final judgment was entered in the criminal case on October 28, 1987. The judgment and sentence of the circuit court on Craddock's guilty pleas released the bond which respondent Ford attempted to

reach by motion filed on September 16, 1988. Because Craddock's bond was previously released the court lacked subject matter jurisdiction, a matter which must be considered even if not raised by the parties in the trial court. *Turner v. General Motors Corporation,* 750 S.W.2d 76, 77 (Mo. App.1988).

Second, the court costs Ford attempted to reduce to judgment by motion were part of the October 28, 1987 final judgment in the criminal case. Ford's motion sought a second judgment for costs in a case where costs were previously included in the original judgment. Ford's remedy was and is to have his claim paid by Craddock as part of the court costs, to have his costs taxed and the state enforce the judgment for court costs.

Third, the trial court lost jurisdiction of the case of State of Missouri v. Robert Craddock long before Ford's motion was filed in September, 1988. The October 28, 1987 judgment became final when no appeal was filed within ten days. Criminal Rule 30.01(d). Further, only defendant Robert Craddock is authorized to file an appeal in a criminal case. Section 547.070 RSMo 1986; Criminal Rule 30.01(d).

Fourth, the court ordered the $1500 cash bond paid to appellant Fredrich J. Cruse in August, 1987. The order was directed to the Circuit Clerk of Pike County before a change of venue to Ralls County. However, the Circuit Clerks of Pike and Ralls Counties are not parties to these proceedings and that order has never been set aside. We do not decide the effect of the release of Craddock's bond by the final judgment on the earlier payout order.

Fifth, there is no existing justiciable issue between appellant Cruse and respondent Ford, collector. Both have claims against Robert Craddock, but not against each other. Each has a remedy without recourse against the other. The motion of Ford is not an alternate remedy for an attempt to enforce a judgment. The trial court is not authorized to issue a second judgment against Robert Craddock for the same debt. In addition, Craddock was never served with the motion filed by respon-

dent Ford and had no notice of the hearing on the motion. If Ford's motion raises a new claim which will support a judgment then Craddock was a missing necessary party.

Appeal dismissed because the trial court lacked jurisdiction to enter the judgment tested by this appeal.

CRANDALL and HAMILTON, JJ., concur.