Vincent J. RIGGIO, Appellant/Plaintiff,

v.

SOUTHWEST BANK OF ST. LOUIS, et al., Respondents/Defendants.

Nos. 58837, 58838.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 5, 1991.

Application to Transfer Denied Oct. 16, 1991.

**52**

Richard A. Wunderlich, Robert J. Golterman, Lewis, Rice & Fingersh, St. Louis, for appellant/plaintiff.

Leroy J. Crouther, Jr., St. Louis, for respondents/defendants.

CRANE, Judge.

Plaintiff and the individual defendants appeal from the judgment of the circuit court in which plaintiff was awarded $158,339.00 and $35,000 as a one year support allowance from $1,064,074.29 in assets which the trial court found had been transferred by plaintiff's deceased wife in fraud of plaintiff's marital rights under § 474.150 RSMo 1986. We affirm in part, reverse in part, and remand.

Plaintiff, Vincent J. Riggio and his wife Mary Riggio were married in November, 1937. From their marriage until the time of Mary's death, plaintiff and Mary were Illinois residents. On February 12, 1989, Mary died intestate and without issue. Plaintiff was appointed the personal administrator of Mary's estate by the Circuit Court of Perry County, Illinois. Plaintiff remains an Illinois resident.

Plaintiff and Mary jointly owned approximately $747,000.00 in personal property as well as jointly held real estate. Upon Mary's death he became sole owner of this property. After Mary's death plaintiff's relatives found approximately $722,000.00 in certificates of deposit hidden in a cabinet drawer in the couple's kitchen in Illinois. The great majority of these represented deposits in three St. Louis banks in Mary's name jointly with various of her blood relatives. The others were trust accounts on which certain of her relatives were named beneficiaries. It was additionally determined that Mary had savings accounts in St. Louis banks, each in joint names with a relative. These savings accounts totalled approximately $337,000.00.

Shortly after her death, Mary's relatives began withdrawing money from these accounts. Plaintiff then filed suit in equity in the City of St. Louis seeking to enjoin the disbursement of the disputed funds by the defendant banks to the defendant relatives. A temporary restraining order was issued. Defendant banks counterclaimed for an order of interpleader which was granted, and the disputed funds were retained by defendant banks subject to order of the trial court.

Plaintiff's first amended petition alleged that the disputed funds were his own earnings entrusted to his wife to be invested for their joint benefit but converted by her. Plaintiff claimed that the transfer of the disputed funds was a violation of Mary's fiduciary duty in derogation of his rights and a fraud on his marital rights under § 474.150 RSMo 1986. He sought the imposition of a constructive trust and injunctive relief restraining the banks from paying the funds to the individual defendants.

The trial court found that there was insufficient evidence of conversion, but that the property had been transferred in fraud of plaintiff's marital rights in violation of § 474.150.1 RSMo 1986. The court then found that the gifts were to be recovered and applied to the spouse's share of the estate as in an election to take against the will. Using provisions of the Missouri Probate Code, the trial court calculated the amount of the "estate" by adding the total amount of the gifts and the total amount the trial court found plaintiff received as joint property for a "Total Estate per Sec. 474.163" of $1,811,470.57. It took one-half of that figure and deducted the joint property for an award to plaintiff of $158,339.00. It further made a one year's support allowance to plaintiff under § 474.160 RSMo 1986 in the amount of $35,000 for a total of $193,339.00. It determined the remaining property belonged to the individual defendants. It appointed the attorneys for the two sides as trustees to collect the funds adjudged to be the property of the

defendants, open an account to determine the interest of each defendant and distribute to each individual defendant his or her share after payment of costs, taxes and fees, subject to any prior withdrawals, if any. It also ordered the trustees to prepare and file tax returns occasioned by the death of Mary Riggio. Both plaintiff and the individual defendants appeal.

The individual defendants attack the application of Missouri law to the determination of fraud of marital rights; plaintiff attacks the manner in which the court determined the parties' respective interests in the funds transferred. We find that Missouri law applies to the determination of fraud. We further find that the trial court did not have subject matter jurisdiction to calculate the "estate" or plaintiff's share therein and distribute the funds to the parties.

INDIVIDUAL DEFENDANTS' APPEAL

The individual defendants' sole point on appeal is that the trial court erred in applying Missouri law in making its finding that the funds in the accounts had been transferred in fraud of marital rights.

Defendants argue that §§ 473.671 and 473.675 of the Missouri Probate Code require application of Illinois law. These sections of the probate code address jurisdiction and choice of law with respect to administration of assets in a decedent's estate. They are not relevant to determine choice of law in an equity case to determine the validity of a non-probate transfer of ownership of bank deposits. The transfer and ownership of the deposits at issue in this case are governed by Missouri banking statutes. Section 362.470 RSMo 1986 applies to joint deposits, including jointly held certificates of deposit. *In re Estate of King,* 572 S.W.2d 200, 205–06 (Mo.App. 1978). It provides that the joint deposit becomes the property of all joint tenants and that after the death of a joint tenant the deposit may be paid to any of the surviving joint tenants. Section 362.475 RSMo 1986 applies to trustee accounts. It provides that where a person has made a deposit as a trustee for a beneficiary without giving the bank notice of any further trust agreement, the deposit may be paid to the beneficiary upon the death of the depositor trustee.

■ With respect to joint accounts, it is generally agreed that the "determination of the title to and the rights in a deposit standing in the name of the depositor and another is governed by the law of the state where the deposit has been made and the account has been kept." *Melton v. Ensley,* 421 S.W.2d 44, 53 (Mo.App.1967) (citing 10 Am.Jur.2d Banks § 376, pp 339–340). See also *Verzi v. Goldburn,* 26 Md.App. 409, 338 A.2d 416, 418 (1975) and cases cited therein.

■ The trust accounts were in the nature of "Totten" trusts, *Estate of Bischof,* 770 S.W.2d 474, 476 (Mo.App.1989), which are likewise governed by the law of the state where the deposit has been made. *See In Re Damato's Estate,* 86 N.J.Super. 107, 206 A.2d 171, 173–75 (1965); *Sanchez v. Sanchez de Davila,* 547 So.2d 943, 945 (Fla.App. 3 Dist.1989). Missouri law accordingly applies in determining rights to these deposits upon the death of the depositor.

■ Transfers in fraud of marital rights have long been prohibited by the common law of Missouri. *Nelson v. Nelson,* 512 S.W.2d 455, 459 (Mo.App.1974). If the transfer is made by means of a deposit in a joint account, it is clear that the vesting of title in the survivor may be set aside for fraud, including fraud of marital rights. *Estate of Weber,* 773 S.W.2d 147, 151 (Mo. App.1989). Conveyances in fraud of marital rights may also be set aside if they are in the form of an *inter vivos* trust. *Merz v. Tower Grove Bank & Trust Co.,* 344 Mo. 1150, 130 S.W.2d 611, 617–618 (1939).

Having placed her money in Missouri bank accounts, Mary subjected those deposits to Missouri statutes and substantive law governing those accounts. Since Missouri law voids transfers of ownership of accounts in fraud of marital rights, the determination of whether there had been fraud on plaintiff's marital rights was

properly made under Missouri law. Defendants' point is denied.

## PLAINTIFF'S APPEAL

For his sole point on appeal, plaintiff contends that the trial court erred in entering judgment determining the respective parties' interests in the funds transferred in fraud of marital rights. Plaintiff specifically challenges the use of specific probate statutes to make the calculations.

 The threshold issue is whether the trial court had subject matter jurisdiction to calculate plaintiff's award by calculating "the estate" and plaintiff's share of "the estate" under the probate code and distribute the fraudulently transferred funds to the parties and trustees. Any doubt concerning the trial court's subject matter jurisdiction is a jurisdictional question which we must raise *sua sponte*. *Turner v. General Motors Corp.*, 750 S.W.2d 76, 77 (Mo. App.1988).

■ Section 474.150 provides:

1. Any gift made by a person, whether dying testate or intestate, in fraud of the marital rights of his surviving spouse to share in his estate, shall, at the election of the surviving spouse, be treated as a testamentary disposition and may be recovered from the donee and persons taking from him without adequate consideration and applied to the payment of the spouse's share, as in case of his election to take against the will.

The provision of this statute that a gift made in fraud of marital rights "be treated as a testamentary disposition" means that the gift "would become an estate asset when the statute is applicable to the situation." *Edgar v. Fitzpatrick*, 377 S.W.2d 314, 316 (Mo. banc 1964). Where a court has found that decedent has made a gift in fraud of marital rights, the approved procedure is for the funds to be turned over to the personal representative of the estate for a determination by the appropriate probate court of the amount of the defrauded

spouse's interest. *Nelson v. Nelson,* 512 S.W.2d 455, 458, 464 (Mo.App.1974).[1]

■ Once it was determined that the deposits had been transferred in fraud of marital rights, they became estate assets. The trial court, not having jurisdiction of any estate, did not have subject matter jurisdiction to calculate and determine interests in "the estate". That portion of its judgment and order by which it calculated the award to plaintiff and distributed the assets to the parties and the trustees (as well as the appointment of the trustees) is accordingly void for lack of subject matter jurisdiction.

That portion of the judgment which calculates the award to plaintiff and distributes the interpled funds to the parties and the trustees and which appoints the trustees is reversed and remanded to the trial court for further proceedings. In all other respects the judgment is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.

---

1. In his proposed findings of fact, conclusions of law and order, plaintiff had suggested the trial court conclude that any funds found to have been transferred in fraud of marital rights should be placed in Mary Riggio's estate to be distributed in accordance with the "elective share" provisions of the statutes of administration.