**Keith THORNBURG, Appellant,**

v.

**FEDERAL EXPRESS CORPORATION et al, Joe Hardin, Trevor Talley, Respondents.**

**No. WD 59118.**

Missouri Court of Appeals, Western District.

July 31, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 2001.

Application for Transfer Denied Jan. 22, 2002.

Christopher Schappe, Jefferson City, for appellant.

Stephen Robert Clark, St. Louis, for respondents.

Before LOWENSTEIN, P.J., ULRICH, J., and KENNEDY, S.J.

ULRICH, Judge.

Keith Thornburg appeals the trial court's judgment granting the motion to dismiss for failure to state a cause of action filed by Federal Express Corporation, Trevor Tally, and Joe Hardin [hereinafter "defendants"]. On appeal, Mr. Thornburg argues that he sufficiently stated his claims for alienation of affections, intentional infliction of emotional distress and negligent infliction of emotional distress, and the trial court, therefore, erred in dismissing his petition. The judgment of the trial court is affirmed.

## I. Facts

The facts, as derived from Mr. Thornburg's first amended petition, are that Keith and Roberta Thornburg were married on November 8, 1986. Two children were born of the marriage. The marriage was dissolved of October 6, 1998.

During the marriage, Ms. Thornburg was an employee of Federal Express. Wade Hunt was a manager for Federal Express and Ms. Thornburg's supervisor. Ms. Thornburg and Mr. Hunt began an extra-marital affair in September 1997. At about the time the affair began, Ms. Thornburg was promoted to a full-time position with a desirable work schedule.

Mr. Thornburg learned of the affair and confronted Mr. Hunt. As a result of the confrontation, Mr. Hunt ended the affair. The Thornburgs then reconciled their marriage in early 1998. Around this same time, one or more employees of Federal Express filed grievances concerning Mr. Hunt's alleged sexual misconduct in the workplace and alleged unlawful discrimination in the workplace as a result of this conduct. The grievances led to an internal investigation by Federal Express. The investigation and resultant workplace disclosure of the affair between Ms. Thornburg and Mr. Hunt caused distress to Ms. Thornburg. This distress caused Ms. Thornburg to become unable to safely or efficiently perform her current job duties and, thus, she was placed on light-duty assignments.

Federal Express encouraged Ms. Thornburg to find other employment outside of Federal Express and provided her assistance to do so. This attempt to find alternative employment was unsuccessful. Around April 1998, Federal Express of-

fered Ms. Thornburg a lateral transfer to Savannah, Georgia. Hoping that Mr. Thornburg would agree to relocate his family to Georgia, Ms. Thornburg discussed this job offer with him. Mr. Thornburg decided he did not want to relocate himself or his family for various reasons. Mr. Thornburg told Ms. Thornburg that her accepting the transfer would be a choice to abandon the marriage.

Ms. Thornburg ultimately accepted the job transfer and moved with her children to Savannah, Georgia on May 6, 1998, without Mr. Thornburg's knowledge. The physical move took place while Mr. Thornburg was out of town on a business trip. Federal Express provided Ms. Thornburg assistance to facilitate the move.

Upon returning from his business trip and discovering that Ms. Thornburg had moved out of the family home, Mr. Thornburg visited the Federal Express offices where Ms. Thornburg had previously been working and demanded to be told the new address and phone number of Ms. Thornburg in Savannah, Georgia. Federal Express refused to provide Mr. Thornburg with any information regarding Ms. Thornburg's whereabouts.

Mr. Thornburg thereafter filed a petition in the Circuit Court of Cole County alleging three separate counts against the defendants including: 1) alienation of affections, 2) negligent infliction of emotional distress, and 3) intentional infliction of emotional distress. The defendants filed a motion to dismiss Mr. Thornburg's claims. The trial court sustained the defendants' motion and dismissed each count in Mr. Thornburg's petition for failing to state a claim. This appeal followed.

## II. Standard of Review

■ In reviewing the trial court's dismissal of a petition for failure to state a claim upon which relief may be granted, the appellate court is required to determine whether the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. *Veling v. City of Kansas City,* 901 S.W.2d 119, 121 (Mo. App. W.D.1995). In making such determination, no attempt is made to weigh any facts alleged to conclude whether they are credible or persuasive. *Id.* Instead, the facts and their reasonable inferences are viewed in the light most favorable to the plaintiffs in determining if the facts alleged meet the elements of a recognized cause of action. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993).

## III. Points on Appeal

Mr. Thornburg raises a total of seven points on appeal, each stating separate arguments averring reasons why the trial court's dismissal of Mr. Thornburg's petition for failing to state a claim was erroneous. The first four points relate to the trial court's dismissal of Mr. Thornburg's claim against the defendants for alienation of affection. Mr. Thornburg's fifth point argues that he sufficiently stated a claim against the defendants for negligent infliction of emotional distress. Similarly, Mr. Thornburg contends in his sixth point on appeal that his petition adequately stated a claim against the defendants for intentional infliction of emotional distress. Finally, in his last point on appeal, Mr. Thornburg contends that the trial court erred in dismissing the petition on the basis that an employer cannot be held liable under the doctrine of respondeat superior for the adulterous affairs of its employees because his claims were not based on the occurrence of the adulterous affair.

### A. Alienation of Affection

■ An action for alienation of affection is based on inherently wrongful acts of the defendant intentionally done, which

have the natural and probable consequence of alienating the affections of the spouse of the plaintiff, and which in the particular case had that result. *Gibson v. Frowein,* 400 S.W.2d 418, 421 (Mo. banc 1966). To sufficiently state a claim for the intentional tort of alienation of affections a plaintiff must allege that 1) the defendant engaged in wrongful conduct, 2) the plaintiff lost the affections or consortium of his or her spouse; and 3) there was a causal connection between the defendant's conduct and the plaintiff's loss. *Id.* To withstand a motion to dismiss for failure to state a claim for alienation of affection, the petition must contain allegations of fact in support of each of these essential elements of the tort. *Kennedy v. Missouri Attorney General,* 922 S.W.2d 68, 70 (Mo.App. W.D.1996). Thus, where a petition fails to make allegations in support of any element of this cause of action, a motion to dismiss is properly granted.

The trial court found that Mr. Thornburg failed to state a claim for alienation of affection because he failed to make allegations of fact supporting the elements that 1) the defendants engaged in wrongful conduct and 2) a causal connection between the defendants' conduct and Mr. Thornburg's loss existed. The trial court also found that based on Missouri's narrow interpretation of the tort and the Missouri Supreme Court's abolition of the related tort of criminal conversation, the tort of alienation of affection does not encompass liability for co-workers and employers.

■ In his first point on appeal, Mr. Thornburg argues that he need not allege the wrongfulness of defendants' conduct because intentional acts and conduct of a third party that interfere in a marriage are deemed wrongful by law. This premise, however, is not absolute. Only acts that have the natural and probable consequence of alienating the affections of the plaintiff's

spouse are deemed wrongful by law. *Gibson,* 400 S.W.2d at 421.

■ The natural and probable consequence of the defendants' alleged actions in this case was not to alienate the affections of Ms. Thornburg toward her husband but rather to assist and support Ms. Thornburg in dealing with the resultant stress incurred by her consensual affair with Mr. Wade. The defendants provided Ms. Thornburg with an opportunity to relocate to a different work environment to avoid problems she was experiencing. While Ms. Thornburg's job relocation may have been the natural and probable consequence of her employer's assistance, Ms. Thornburg's leaving Mr. Thornburg was not. Mr. Thornburg's petition contains no allegations that the relocation opportunity provided by Ms. Thornburg's employer was contingent upon Ms. Thornburg leaving Mr. Thornburg. Mr. Thornburg could have transferred with Ms. Thornburg. Ms. Thornburg could have chosen to exercise the option for increased job benefits to relocate to Georgia and Mr. Thornburg could have elected to stay in Jefferson City, thereby maintaining a long distance relationship. Additionally, Mr. Thornburg's petition does not contain any allegations indicating that if Ms. Thornburg chose not to accept the opportunity for relocation and, thus, remain in Jefferson City, she would lose her status as an employee of Federal Express. Mr. Thornburg's petition specifically alleges that Federal Express did not want to terminate Ms. Thornburg's employment. Ms. Thornburg, in consultation with her husband if she so chose, could select between the options, and regardless whichever decision she chose to make, she was not required by the defendants to terminate her relationship with Mr. Thornburg. Therefore, the alienation of Ms. Thornburg's affections for Mr. Thornburg was not the natu-

ral and probable consequence of the actions attributed to defendants in plaintiff's petition. Because the natural and probable consequence of the defendants' actions was not to alienate Ms. Thornburg's affections, the defendants' conduct is not deemed wrongful by law. Absent any specific allegations that the defendants' conduct was wrongful, Mr. Thornburg's petition is insufficient to assert an alienation of affection claim. The trial court, therefore, properly dismissed the petition for failing to state a claim upon which relief could be granted. Because this point is dispositive of the alienation of affection claim, Mr. Thornburg's other three points relating to this claim need not be addressed. The judgment as it relates to Mr. Thornburg's alienation of affection claim is affirmed.

## B. Negligent Infliction of Emotional Distress

■■■■ The trial court found that Mr. Thornburg failed to state a claim for negligent infliction of emotional distress because he failed to make allegations of fact supporting the necessary elements of a negligent infliction of emotional distress cause of action. The tort of negligent infliction of emotional distress is a negligence action. The general elements of a negligence action are 1) a legal duty of the defendant to protect the plaintiff from injury, 2) breach of the duty, 3) proximate cause, and 4) injury to the plaintiff. *Pendergist v. Pendergrass*, 961 S.W.2d 919, 923 (Mo.App. W.D.1998). Claims seeking recovery of damages for the negligent infliction of emotional distress require proof of two additional elements: 1) that the defendant should have realized that his conduct involved an unreasonable risk of causing distress, and 2) that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant. *Id.* Mr. Thornburg's petition must contain

allegations of fact in support of the two elements required to recover damages for emotional distress in addition to the even more basic elements of any claim for negligence. *See id.; Turner v. General Motors Corp.*, 750 S.W.2d 76, 78 (Mo.App. E.D. 1988).

■■■■ Mr. Thornburg's petition makes no allegation that the defendants owed Mr. Thornburg any legally recognized duty. Mr. Thornburg's brief, likewise, fails to cite any Missouri case imposing a legal duty on coworkers or employers to their employees' spouses. Instead, in his brief, Mr. Thornburg argues that the duty in this case was established by the foreseeable likelihood that the defendants' acts would result in harm to him. The asserted facts and reasonable inferences attributable to Mr. Thornburg's petition do not support the necessary conclusion that the defendants' conduct would cause Mr. Thornburg to suffer severe emotional distress. Accordingly, the petition failed to allege Mr. Thornburg was owed any legally recognized duty by the defendants, and thus, failed to state a claim for negligent infliction of emotional distress. The trial court's judgment dismissing Mr. Thornburg's claim for negligent infliction of emotional distress is affirmed.

## C. Intentional Infliction of Emotional Distress

■■■■ In order to state a claim for intentional infliction of emotional distress, Mr. Thornburg must plead that 1) the defendants' conduct was extreme and outrageous, 2) the conduct was intentional or done recklessly, and 3) the conduct caused severe emotional distress that results in bodily harm. *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997). Missouri case law recognizes the difficulty in defining acts that are "extreme and outra-

geous," and thus, each case must turn on its individual facts. *J.R. v. P.B.A.*, 773 S.W.2d 235, 236 (Mo.App. S.D.1989); *Viehweg v. Vic Tanny Intern. of Missouri, Inc.*, 732 S.W.2d 212, 213 (Mo.App. E.D. 1987).

The defendant's conduct must be more than simply malicious or intentional; the conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Gibson*, 952 S.W.2d at 249. The conduct must also be "intended only to cause extreme emotional distress to the victim." *Id.*

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Viehweg*, 732 S.W.2d at 213. In making such a determination, the court is to decide whether an average member of the community upon learning of the facts alleged by the plaintiff would exclaim "outrageous!" *Id.*

The trial court dismissed Mr. Thornburg's claim for intentional infliction of emotional distress finding that he failed to allege the defendants' conduct was extreme and outrageous. Mr. Thornburg argues that this finding by the trial court' is erroneous.

In his petition, Mr. Thornburg alleged that: 1) Federal Express offered Ms. Thornburg a transfer to Savannah, Georgia; 2) defendants offered Ms. Thornburg the transfer to remedy the current hostile work environment and to preserve and protect the careers and positions of its managers; 3) the transfer opportunity provided Ms. Thornburg with a lucrative full-time schedule that would allow her to support herself and her children; 4) the transfer opportunity provided Ms. Thornburg with a fresh start in a non-hostile workplace environment; 5) defendants provided Ms. Thornburg with relocation assistance; 6) the relocation occurred while Mr. Thornburg was out of town on a business trip; 7) defendants did not announce the transfer or resulting vacancy at Federal Express until after Ms. Thornburg had already relocated; 8) the defendants provided packing materials and physical assistance to Ms. Thornburg to help her remove property from the Thornburg's home; 9) Federal Express made money in Ms. Thornburg's retirement account available to her; 10) defendants served as an employment reference for Ms. Thornburg; 11) the original transfer opportunity offer was altered from a Tuesday through Saturday to a Monday through Friday work schedule; and 12) after the relocation the defendants refused to provide Mr. Thornburg with Ms. Thornburg's location and address. While Mr. Thornburg complains that this conduct by the defendants, and Ms. Thornburg's resulting transfer, caused him to suffer severe emotional distress, in making his allegations, Mr. Thornburg admitted that 1) the defendants did not desire to terminate Ms. Thornburg's employment with Federal Express; and 2) upon learning of Ms. Thornburg's transfer opportunity, he informed Ms. Thornburg that he did not wish to relocate and that if she accepted the transfer it was her choice to abandon the marriage.

While the defendants' conduct may have been self-serving as argued by Mr. Thornburg, his petition fails to allege conduct so outrageous and extreme as to be utterly intolerable in a civilized society. Accordingly, Mr. Thornburg's petition failed to state a claim for intentional infliction of emotional distress. The trial court's judgment dismissing Mr. Thornburg's inten-

tional infliction of emotional distress claim is affirmed.

### D. Respondeat Superior

In his final point on appeal, Mr. Thornburg alleges that the trial court dismissed his claims against Federal Express under the doctrine of respondeat superior based on a rule of law that is not applicable to the facts alleged and claims raised in Mr. Thornburg's petition. Mr. Thornburg argues that the trial court dismissed his respondeat superior claims against Federal Express based on its finding that an employer cannot be held liable under the doctrine of respondeat superior for the adulterous affairs of it employees. Mr. Thornburg, however, contends that his petition did not seek to hold Federal Express liable for the damages that resulted from the affair between Ms. Thornburg and Mr. Hunt but sought recovery for the damages resulting from the conduct of Federal Express and its employees relating to Ms. Thornburg's relocation.

The trial court dismissed Mr. Thornburg's claims against Federal Express under the doctrine of respondeat superior based on two different theories. First, the trial court found that Mr. Thornburg had failed to allege any actionable tort by any employee of Federal Express, and, thus, if an employee is not liable to the plaintiff, then neither is the employer. And second, the trial court found that Federal Express cannot be held liable under the doctrine of respondeat superior for a consensual affair of one of its employees because participation in such an affair is not within the scope of the participant's employment. It is this second finding that Mr. Thornburg argues is erroneous because it is not based on the facts alleged or claims pleaded in his petition.

This court need not address whether the trial court erred with regard to this second finding because even if the trial court erred in making such a finding, Mr. Thornburg suffers no prejudice. The trial court's finding that Mr. Thornburg failed to state any claims against Federal Express or its agents is sufficient grounds for dismissal of Mr. Thornburg's claims under the doctrine of respondeat superior. As previously discussed above, the trial court properly found that Mr. Thornburg failed to state a claim against the defendants for 1) alienation of affection, 2) negligent infliction of emotional distress, and 3) intentional infliction of emotional distress. The doctrine of respondeat superior holds an employer liable for the torts committed by its employees while they are acting within the scope of employment. *Ewing–Cage v. Quality Prod., Inc.*, 18 S.W.3d 147, 150 (Mo.App. W.D.2000). The liability of the employer, however, can be no greater than the liability of the employee. *Helm v. Wismar*, 820 S.W.2d 495, 497 (Mo. banc 1991). Thus, an employer will not be held liable under the doctrine of respondeat superior when its employee is held not liable to the plaintiff. *Id.* Accordingly, because no cause of action was stated against the employees of Federal Express, no cause of action under the doctrine of respondent superior lies against Federal Express. The trial court was, therefore, correct in dismissing Mr. Thornburg's petition on this ground. Thus, the trial court's dismissal of Mr. Thornburg's respondeat superior claims on the grounds that Federal Express cannot be held liable under the doctrine of respondeat superior for a consensual affair between two of its employees was harmless error, if error at all. And, only prejudicial error is reversible error. The judgment of the trial court is affirmed.

### IV. Conclusion

Mr. Thornburg failed to sufficiently state in his petition claims for alienation of

affection and negligent and intentional infliction of emotional distress against defendants. Likewise, Mr. Thornburg failed to state a claim for relief against Federal Express under the doctrine of respondeat superior. The trial court was, therefore, correct in dismissing Mr. Thornburg's petition for failure to state a cause of action.

The judgment of the trial court is affirmed.

LOWENSTEIN, J., and KENNEDY, S.J., concur.