Nikole HENSON, Appellant,

v.

GREYHOUND LINES, INC.,
et al, Respondent.

No. WD 68296.

Missouri Court of Appeals,
Western District.

June 24, 2008.

James Tracy Madison, Kansas City, for appellant.

Timothy Joseph Mudd, Kansas City, Paul Paxton Hasty, Jr., Overland Park, KS, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Nikole Henson ("Henson") appeals a judgment on the pleadings in favor of Kenneth Charvat ("Charvat"), an employee of Greyhound Lines, Inc. ("Greyhound"), and a summary judgment in favor of Greyhound on her claim for negligent infliction of emotional distress. Despite Greyhound's admission that Charvat was acting in the course of his employment, because of the unusual procedural posture of this case we reverse the judgment in favor of the employee, Charvat, and affirm the judgment in favor of the employer, Greyhound.

Only a brief recitation of the facts is necessary. Henson, a passenger on a Greyhound bus, shipped a substantial number of packages on the bus with her. When she arrived in Kansas City, Greyhound employees unloaded the cargo but did not take it into the terminal. Believing that Greyhound should assist her, Henson got into a discussion with Charvat. During that dispute, she charges that Charvat used a racial epithet.

Subsequently, Henson sued both Charvat and Greyhound in five counts. Counts 1 and 2 were disposed of by partial summary judgment and are not at issue here. Count 3 pled negligent supervision of Charvat, Count 4 pled negligent retention, and Count 5 pled negligent infliction of emotional distress. Charvat filed a motion for dismissal and, alternatively, for judgment on the pleadings on the theory that Henson's petition failed to state a legal

duty under Count 5. Greyhound filed a motion for summary judgment contending that Henson had not shown and could not show a medically diagnosable injury, as required for a claim of negligent infliction of emotional distress. In a combined judgment, the trial court granted both defendants' motions and Henson now appeals.

Henson does not appeal the merits of the summary judgment granted in favor of Greyhound and agrees with Charvat's claim that she failed to plead a duty on the negligent infliction of emotional distress claim. In an unusual procedural posture, her sole point on appeal claims that the trial court did not have subject matter jurisdiction because her petition did not state a claim. Relying on *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556 (Mo. App. W.D.2005), she contends that the trial court could only have dismissed the case without prejudice for failure to state a claim.

Henson's position would be legally correct if her petition failed to state a claim for relief. We find, however, that her petition did include all of the necessary elements of a negligent infliction of emotional distress claim and, thus, stated a claim. Because of that finding, the trial court did have jurisdiction to grant summary judgment for Greyhound because Henson could not *prove* one of the pleaded elements of her claim. The trial court erred, however, in granting judgment on the pleadings in favor of Charvat, who inexplicably did not join in Greyhound's motion for summary judgment.

■■■ The elements of a claim for negligent infliction of emotional distress are: "(1) a legal duty of the defendant to protect the plaintiff from injury, (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff." *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. App. W.D.2001). Additionally, to recover damages, the plaintiff must prove two additional elements: (1) that the defendant should have realized his conduct involved an unreasonable risk of causing the distress, and (2) that the emotional distress or mental injury is medically diagnosable and of sufficient severity to be medically significant. *Id.*

■■■ Both Henson (and again, inexplicably, Charvat) rely upon *Thornburg* for the proposition that Henson failed to plead a legal duty owed by Charvat. Greyhound asserts that Henson's petition did, in fact, plead sufficient facts to establish a legal duty. In *Thornburg*, a husband sued his wife's employer claiming negligent infliction of emotional distress by the employer's act in transferring his wife out of state. *Id.* at 425. This court affirmed a dismissal for failure to establish a legal duty. *Id.* at 427. If a party pleads facts sufficient to establish a legal duty, it is not necessary to plead using the word "duty." Greyhound points out, correctly, that the petition alleges a common carrier—passenger relationship. That relationship alone gives rise to a duty by the carrier. *Wright v. St. Louis Produce Mkt., Inc.* 43 S.W.3d 404, 410 (Mo.App. E.D.2001). Additionally, a bus company owes a common law duty to its passenger in the terminal as a business invitee. *DeMariano v. St. Louis Pub. Serv. Co.*, 340 S.W.2d 735, 743 (Mo. 1960). And, more pointedly, a carrier owes passengers protection against insults and indignities. *Abramovitz v. Wellston Taxi Co.*, 208 S.W.2d 834, 836 (Mo.App. 1948). We agree with Greyhound that Henson pled sufficient facts to invoke either of these duties.

Point denied.

Because Henson pled a valid cause of action and does not contest the summary judgment on appeal, that judgment in favor of Greyhound is affirmed. And, be-

cause Henson's pleading was sufficient, the trial court erred in granting Charvat's motion. The dismissal of the claim against Charvat in Count 5 is reversed and remanded for further proceedings.

HAROLD L. LOWENSTEIN, and THOMAS H. NEWTON, JJ, concur.